1 | CAROL CHOW (State Bar No. 169299)
CChow@Stutman.com
2 | CHRISTINE M. PAJAK (State Bar No. 217173)
CPajak@Stutman.com
3 | STUTMAN, TREISTER & GLATT
PROFESSIONAL CORPORATION
4 | 1901 Avenue of the Stars, 12th Floor
Los Angeles, California 90067
5 | Telephone: (310) 228-5600
6 | Facsimile: (310) 228-5788

7 | Counsel for the
OWNIT Liquidating Trust
8 |

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SAN FERNANDO VALLEY DIVISION**

| | |
|---|---|
| In re | Case No. 1:06-12579 KT |
| OWNIT MORTGAGE SOLUTIONS, INC., | Chapter 11 |
| Debtor. | Adversary No.: _____ |
| OWNIT LIQUIDATING TRUST, | **COMPLAINT FOR: (1) AVOIDANCE AND RECOVERY OF PREFERENTIAL TRANSFERS; (2) DISALLOWANCE OF CLAIM; AND (3) OBJECTION TO CLAIM PURSUANT TO 11 U.S.C. §§ 502, 547, AND 550** |
| Plaintiff, | |
| vs. | |
| CANON FINANCIAL SERVICES, INC., | |
| Defendant. | |

481191v1

**TO THE HONORABLE KATHLEEN THOMPSON, UNITED STATES BANKRUPTCY JUDGE:**

The OWNIT Liquidating Trust (the "Liquidating Trust") hereby files its Complaint against Canon Financial Services, Inc. ("Defendant") and alleges as follows:

**I.**

**THE PARTIES**

**A.     PLAINTIFF.**

1.     On December 28, 2006 (the "Petition Date"), Ownit Mortgage Solutions, Inc. ("Ownit" or the "Debtor"), filed its voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Central District of California, San Fernando Valley Division, thereby commencing the above-captioned bankruptcy case (the "Bankruptcy Case").

2.     By order entered on January 17, 2008 (the "Confirmation Order"), the Court confirmed the "Debtor's Third Amended Liquidating Plan of Reorganization under Chapter 11 of the Bankruptcy Code" (the "Plan"), which became effective on January 28, 2008 (the "Effective Date").

3.     The Liquidating Trust was formed pursuant to the OWNIT Liquidating Trust Agreement, entered into pursuant to the Confirmation Order.

4.     Pursuant to Section VII.A of the Plan, the Liquidating Trust holds the right to commence, pursue and settle, as appropriate, any and all Causes of Action, including Avoidance Actions (as those terms are defined in Section I of the Plan).  The claims against the Defendant alleged herein are properly brought by the Liquidating Trust pursuant to the foregoing provision of the Plan.  Each of the claims is a Cause of Action with which the Liquidating Trust was vested as of the Effective Date, and which the Liquidating Trust has full right and authority to prosecute, compromise, and/or settle.

481191v1

**B.    DEFENDANT.**

5.    Plaintiff is informed and believes, and based thereupon alleges that, Defendant may assert a claim against the Debtor's estate based on either a claim it filed against the Debtor and/or a claim listed on the Debtor's Schedules of Assets and Liabilities, as amended (collectively, the "Claim").

## II.

## JURISDICTION AND VENUE

6.    This adversary proceeding "relates," within the meaning of Federal Rule of Bankruptcy Procedure 7008(a), to the Bankruptcy Case.

7.    This Court has jurisdiction over the above-captioned adversary proceeding pursuant to 28 U.S.C. § 157(b) and 28 U.S.C. § 1334 in that this civil proceeding: (a) concerns property of the Debtor's estate; (b) is a core proceeding; and (c) arises under chapter 11 of the Bankruptcy Code and arises in a case under that title.

8.    Defendant has submitted to the jurisdiction of this Court by virtue of Defendant filing the Claim against the Debtor.

9.    Venue in this District is proper under 28 U.S.C. § 1409 because the Bankruptcy Case to which this action relates is pending before this Court in this District.

10.    This action is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). If this adversary proceeding is determined to be "noncore," Plaintiff consents to the entry of final orders or judgments by the bankruptcy judge.

## III.

## GENERAL ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF

11.    Plaintiff is informed and believes, and thereon alleges, that the Debtor transferred an interest of its property, consisting of the payment of funds, to or for the benefit of the Defendant (the "Transfers") on or within 90 days before the Petition Date, *i.e.*, during the period from September 29, 2006 to December 28, 2006 (the "Preference Period"), as follows:

| DATE | PAYMENT |
|---|---|
| 10/13/06 | 27,141.26 |
| 10/27/06 | 1,715.50 |
| 11/30/06 | 33,960.98 |
| **Total** | **62,817.74** |

12. Each Transfer specified above is a "transfer" as that term is defined in Bankruptcy Code section 101(54).

13. The Defendant was, at the time of the Transfer, a creditor of the Debtor herein, and the Transfer was on account of an antecedent debt owed by the Debtor to the Defendant before the Transfer was made.

## IV.

## FIRST CLAIM FOR RELIEF

## (AVOIDANCE AND RECOVERY OF PREFERENTIAL TRANSFERS

## 11 U.S.C. §§ 547 and 550)

14. Plaintiff incorporates herein by this reference the allegations set forth in paragraphs 1 through 13, inclusive, hereof, and hereby repeats and re-alleges the allegations contained in said paragraphs with the same force and effect as if said allegations were fully repeated and re-alleged at length herein.

15. Plaintiff is informed and believes, and thereon alleges, that all of the Transfers herein alleged were transfers of an interest of the Debtor in property.

16. Plaintiff is informed and believes, and thereon alleges, that the Transfers herein alleged were made by the Debtor to or for the benefit of the Defendant, a creditor of the Debtor.

17. Plaintiff is informed and believes, and thereon alleges, that each of the Transfers made to Defendant was on account of an antecedent debt owed by the Debtor to Defendant before each of the Transfers was made.

18. Plaintiff is informed and believes, and thereon alleges, that the Transfers were made while the Debtor was insolvent, as "insolvent" is defined by section 101(32) of the Bankruptcy Code.

19. Plaintiff is informed and believes, and thereon alleges, that the Transfers were made or perfected by the Debtor to or for the benefit of Defendant on or within the period of ninety (90) days before the Petition Date.

20. Plaintiff is informed and believes, and thereon alleges, that the Transfers made to Defendant enabled Defendant to receive more than it would have received if: (a) the Debtor's Bankruptcy Case was a case under chapter 7 of the Bankruptcy Code, (b) the Transfers had not been made, and (c) Defendant received payment of such debt to the extent provided for by the Bankruptcy Code.

21. Plaintiff is informed and believes, and based thereupon alleges that, the Transfers constitute a preference under section 547 of the Bankruptcy Code.

22. Plaintiff is informed and believes, and based thereupon alleges that, the Transfers were made to or for the benefit of Defendant, and consequently, Defendant has liability for the avoided transfer under Bankruptcy Code section 550.

**V.**

**SECOND CLAIM FOR RELIEF**

**(DISALLOWANCE OF CLAIM - 11 U.S.C. § 502(d))**

23. Plaintiff incorporates herein by this reference the allegations set forth in paragraphs 1 through 22, inclusive, hereof, and hereby repeats and re-alleges the allegations contained in said paragraphs with the same force and effect as if said allegations were fully repeated and re-alleged at length herein.

24. Plaintiff is informed and believes, and based thereupon alleges that, the Transfers made to Defendant as described above were preferential payments under the Bankruptcy Code that are avoidable by the Debtor.

481191v1

5

25. Bankruptcy Code section 502(d) provides that the Bankruptcy Court shall disallow any claim of an entity from which property is recoverable under Bankruptcy Code section 550 or that is a transferee of a voidable transfer, unless such entity has paid the debtor the recoverable amount or transferred over such property.

26. As a result of the foregoing, Defendant's Claim (if any) against the Debtor should be disallowed pursuant to Bankruptcy Code section 502(d).

## VI.

## THIRD CLAIM FOR RELIEF

## (OBJECTION TO CLAIM - 11 U.S.C. § 502(b))

27. Plaintiff incorporates herein by this reference the allegations set forth in paragraphs 1 through 26, inclusive, hereof, and hereby repeats and re-alleges the allegations contained in said paragraphs with the same force and effect as if said allegations were fully repeated and re-alleged at length herein.

28. Bankruptcy Code section 502(b) provides that if an objection to claim is made, the court, after notice and a hearing, shall determine the amount of such claim as of the date of the filing of the petition.

29. Plaintiff is informed and believes, and based thereupon alleges, that there is no factual or legal basis for the Defendant to assert the full amount of the Claim on the grounds that, *inter alia*, the Claim amount exceeds the amount established by the Debtor's books and records.

30. As a result of the foregoing, the Claim should be disallowed to the extent that the Defendant fails to sustain its burden of proof.

## VII.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court enter a judgment for Plaintiff on this Complaint:

1. For a determination that the Transfers are avoidable as preferential transfers under section 547 of the Bankruptcy Code, and that Plaintiff is entitled to recover the Transfers under section 550 of the Bankruptcy Code;

2. For interest at the maximum rate allowed by law;

3. For costs incurred by Plaintiff in prosecuting this action;

4. For disallowance of the Defendant's Claim unless and until the amount of the judgment, embodying items 1, 2, 3 and 6, is paid to Plaintiff;

5. For an order sustaining the objections to Defendant's Claim; and

6. For such other and further relief as the Court may deem just and proper.

DATED:  December 19, 2008                          Respectfully submitted,


     /s/ Carol Chow
Carol Chow, Esq.
STUTMAN, TREISTER & GLATT, P.C.
Attorneys for the OWNIT Liquidating Trust

481191v1                                  7